UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOAN HICKOX,

                            Plaintiff,

v.                                                      7:04-CV-1216
                                                        (LEK/GHL)

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

                            Defendant.
_____

APPEARANCES:                                 OF COUNSEL:

CONBOY, MCKAY, BACHMAN & KENDALL, LLP        PETER L. WALTON, ESQ.
*Counsel for Plaintiff*
407 Sherman Street
Watertown, New York 13601


HON. GLENN T. SUDDABY                         WILLIAM H. PEASE, ESQ.
United States Attorney for the               Assistant United States Attorney
 Northern District of New York
*Counsel for Defendant*
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198


GEORGE H. LOWE, United States Magistrate Judge

## REPORT AND RECOMMENDATION[2]

## I.      BACKGROUND

### A.      Procedural History

Plaintiff protectively filed the current application for SSI on November 19, 2000, alleging

---

[1]  The complaint named Jo Anne B. Barnhart as Defendant, then the Commissioner of Social Security.  On February 12, 2007, Michael J. Astrue assumed that position.  Therefore, he shall be substituted as the named Defendant pursuant to Fed. R. Civ. P. 25(d)(1).

[2]  This matter was referred to me for report and recommendation by the Honorable Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3.

disability as a result of back pain with an alleged disability onset date of April 14, 1998.[3]

(Administrative Transcript ("T") at 124-27, 150.)  She subsequently added an allegation of

disability due to depression and anxiety.  (T. at 15, 18.)  The application was denied initially.  (T.

at 61, 77-80.)  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[4] which

was held on June 7, 2002, before ALJ Louis G. McAfoos III.  (T. at 46-60.)  ALJ McAfoos issued

an unfavorable decision against Plaintiff on November 18, 2002.  (T. at 63-72.)  On November 26,

2002, Plaintiff requested that the Appeals Council review ALJ McAfoos' decision, and on April

22, 2003, the Appeals Council vacated the hearing decision and remanded the case to the ALJ for

further proceedings.  (T. at 73-75, 101-02.)

A post-remand hearing was held before ALJ John M. Lischak on April 5, 2003.  (T. at 27-

45.)  On May 25, 2004, ALJ Lischak issued an unfavorable decision against Plaintiff.  (T. at 12-25,

76.)  Plaintiff requested that the Appeals Council review ALJ Lischak's decision, and on

September 9, 2004, the Appeals Council denied Plaintiff's request for review, making ALJ

Lischak's decision the final decision of the Commissioner.  (T. at 8-10.)  Having exhausted all

administrative remedies before the Social Security Administration ("SSA"), Plaintiff commenced

this action on October 22, 2004.  (Dkt. No. 1.)  For the reasons stated at Footnote 3 of this Report

---

[3] Plaintiff filed a prior application for SSI benefits on September 30, 1998, alleging disability as of April 14, 1998, due to a lower back condition.  (T. at 16, 150, 309-12.)  This application was denied at the hearing level on December 14, 1999.  (T. at 16, 259-60, 266-74, 282-84, 287-90.)  The Appeals Council denied Plaintiff's request for review, at which point the Administrative Law Judge's December 14, 1999 decision became the final and binding decision of the Commissioner for the period April 14, 1998 through December 14, 1999.  (T. at 16, 278-79.)  As a result, the earliest Plaintiff can be found disabled on the current application is December 15, 1999.  (T. at 16); 20 C.F.R. § 416.1457(c)(1).

[4] Plaintiff was permitted to appeal the initial determination of her application directly to the ALJ, because the Social Security Administration ("SSA") was testing a prototype model of processing claims without having a reconsideration step in the administrative process.  65 Fed. Reg. 81553 (Dec. 26, 2000); 20 C.F.R. § 416.1406(b)(4); *see* T. at 61.

and Recommendation, the time period at issue before the Court is the period from December 15, 1999 through May 25, 2004.  *See* 20 C.F.R. §§ 416.330, 416.1457(c)(1).

**B.     The Contentions**

Plaintiff makes the following claims:

(1) The ALJ failed to properly weigh the medical evidence of record.  (Dkt. No. 6 at 11-17.)

(2) The ALJ failed to properly assess the severity of Plaintiff's conditions.  (Dkt. No. 6 at 17-19.)

(3) The ALJ failed to properly assess Plaintiff's residual functional capacity ("RFC") (Dkt. No. 6 at 19-23.)

(4) The ALJ erroneously concluded that Plaintiff could perform her past relevant work. (Dkt. No. 6 at 23-25.)

Defendant disagrees, and argues that the decision should be affirmed.  (Dkt. No. 8 at 1-25.)

**II.     APPLICABLE LAW**

**A.     Standard for Benefits**

To be considered disabled, a plaintiff seeking SSI benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A) (2004).  In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him,

or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B) (2004).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. §§ 405(a), 1383(d)(1)),

the SSA has promulgated regulations establishing a five-step sequential evaluation process to

determine disability. 20 C.F.R. § 404.1520 (2005). "If at any step a finding of disability or

nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540

U.S. 20, 24 (2003).

> At the first step, the agency will find non-disability unless the claimant shows that he
> is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b),
> 416.920(b). At step two, the SSA will find non-disability unless the claimant shows
> that he has a "severe impairment," defined as "any impairment or combination of
> impairments which significantly limits [the claimant's] physical or mental ability to do
> basic work activities." [20 C.F.R.] §§ 404.1520(c), 416.920(c). At step three, the
> agency determines whether the impairment which enabled the claimant to survive step
> two is on the list of impairments presumed severe enough to render one disabled; if
> so, the claimant qualifies. [20 C.F.R. §§] 404.1520(d), 416.920(d). If the claimant's
> impairment is not on the list, the inquiry proceeds to step four, at which the SSA
> assesses whether the claimant can do his previous work; unless he shows that he
> cannot, he is determined not to be disabled.[1] If the claimant survives the fourth stage,
> the fifth, and final, step requires the SSA to consider so-called "vocational factors"
> (the claimant's age, education, and past work experience), and to determine whether
> the claimant is capable of performing other jobs existing in significant numbers in the
> national economy.[1] [20 C.F.R.] §§ 404.1520(f), 404.1560(c), 416.920(f),
> 416.9630(c).

*Barnhart*, 540 U.S. at 24-25 (footnotes omitted).

The plaintiff-claimant bears the burden of proof regarding the first four steps. *Serrano v.*

*Barnhart*, Civ. No. 02-6372, 2003 WL 22683342, at *11 (S.D.N.Y. Nov. 14, 2003). If the plaintiff-

claimant meets his burden of proof on all four steps, the burden then shifts to the defendant-

Commissioner to prove that the plaintiff-claimant is capable of performing other jobs which exist in

significant numbers in the national economy. *Id.* (citing *Barnhart v. Thomas*, 540 U.S. at 25 (other

citations omitted)).

**B.      Scope of Review**

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Brown v. Barnhart*, Civ. No. 02-4523, 2003 WL 1888727, *4 (S.D.N.Y. Apr. 15, 2003); *Serrano*, 2003 WL 22683342 at *10; *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).   A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986.  In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision.  42 U.S.C. § 405(g) (2005); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991).  Substantial evidence is defined as "more than a mere scintilla"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (U.S. 1971) (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *see also Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258.  However, a reviewing court cannot substitute its interpretation of the administrative record for that of the

Commissioner if the record contains substantial evidence supporting the ALJ's decision. *Williams*, 859 F.2d at 258.

## III.   THE PLAINTIFF

Plaintiff was born on February 2, 1962.  (T. at 35.)  She completed school up to the tenth grade.  (T. at 36.)  She previously worked as a housekeeper, machine operator, deli clerk, and loader for United Parcel Services ("UPS").  (T. at 150-51, 163, 165-67, 184.)  Plaintiff alleges disability due to lower back pain, depression, and anxiety.  (T. at 15, 18, 124-27.)

## IV.   THE ALJ'S DECISION

The ALJ found that: (1) the claimant had not engaged in substantial gainful activity since the alleged onset of disability; (2) the claimant's degenerative disc disease of the lumbar spine, depression, and anxiety are considered "severe" based on the requirements in 20 C.F.R. § 416.920(b); (3) these medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; (4) the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the ALJ's decision; (5) the claimant has the RFC to perform a full range of light work, with no limitations in her abilities to understand, remember, and carry out simple instructions and interact appropriately with the public, supervisors and coworkers; slight limitations in her abilities to make judgments on simple work-related decisions and respond appropriately to changes in a routine work setting; and moderate limitations in her abilities to understand, remember, and carry out detailed instructions and respond appropriately to work pressures; (6) the claimant's past relevant work as housekeeper and machine operator did not require the performance of work-related activities precluded by her RFC; (7) the claimant's medically determinable degenerative disc disease of the lumbar spine, depression, and

-6-

anxiety do not prevent the claimant from performing her past relevant work; and (8) the claimant was

not under a "disability" as defined in the Social Security Act at any time through the date of the

decision.

## V.     DISCUSSION

### A.     The ALJ Properly Weighed the Medical Evidence of Record.

Plaintiff argues that ALJ Lischak improperly weighed the medical evidence of record, by (1)

failing to consider all of the relevant medical evidence, and (2) failing to give proper weight to Dr.

Fish's opinion under the treating physician rule.  (Dkt. No. 6 at 11-17.)

#### 1.     The ALJ Properly Considered All of the Relevant Medical Evidence.

Plaintiff contends that the ALJ failed to properly consider all of the relevant medical

evidence, arguing specifically that the ALJ erred by not discussing (1) a December 17, 1998

examination by Dr. Douglas Sloan (T. at 379); (2) the findings of CANI physical therapy dated

March 4, 1999 (T. at 390); and (3) a January 11, 2001 psychiatric examination by Dr. Saleem (T. at

194-96).  (Dkt. No. 6 at 11-12.)  Defendant argues that all of the medical evidence of record was

properly considered.  (Dkt. No. 8 at 16-17.)

Although the ALJ did not specifically discuss the findings of Dr. Sloan or CANI physical

therapy, the ALJ's decision reflects the fact that he considered the entire record – including those

findings – when reaching his decision.  An ALJ is not obligated to "specifically address each piece of

evidence in his decision." *Jones v. Barnhart*, 2004 WL 3158536, *6 (E.D.N.Y. 2004) (citing

*Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)).  "It is enough that the ALJ noted that he

carefully considered the exhibits presented in evidence in reaching his decision . . . and that the

crucial factors in any determination [are] set forth with sufficient specificity to enable [the Court] to

-7-

decide whether the determination is supported by substantial evidence." *Id.* (alterations in original, citations omitted).  In this case, the ALJ fulfilled his duty when he stated he had "thorough[ly] consider[ed] the record as a whole," "careful[ly] consider[ed] the entire record," and "review[ed] all of the evidence of record" when coming to his decision.  (T. at 15, 23-24.)

Moreover, despite Plaintiff's contention that the ALJ failed to discuss the findings of Dr. Saleem's January 11, 2001 mental status examination, the ALJ's decision actually contains a thorough discussion of both of Dr. Saleem's mental status examinations, which took place on January 11, 2001 and September 14, 2002.  (T. at 18, 22-23, 194-96, 247-48.)  Plaintiff argues that with regard to Dr. Saleem's findings, the ALJ failed to take into account Dr. Saleem's prognosis for employment which was "guarded due to symptomology of anxiety and chronic pain" and his conclusion that Plaintiff's "allegations are consistent with the findings of the mental status examination and resultant capacities/limitations in personal social needs."  (T. at 195-96, 248.)  Contrary to Plaintiff's contention, however, the ALJ's decision thoroughly discussed Dr. Saleem's findings, and made specific reference to both of the above statements referenced in Plaintiff's brief.  (T. at 18, 22; Dkt. No. 6 at 12.)

### 2. The ALJ Did Not Err in Weighing Dr. Fish's Opinion Under the Treating Physician Rule.

Plaintiff argues that because Dr. Fish was a treating physician, the ALJ erred in failing to give controlling weight to his opinion regarding Plaintiff's disability status.  (Dkt. No. 6 at 12-17.)  Defendant argues that the ALJ correctly assessed the weight to be given to Dr. Fish's opinion.  (Dkt. No. 8 at 17-19.)  Ordinarily, a treating physician's opinion is entitled to considerable deference, provided that it is supported by medically acceptable clinical and laboratory diagnostic techniques

and is not inconsistent with other substantial evidence of record. *Veino v. Barnhart*, 312 F.3d 578 (2d Cir. 2002); *Barnett v. Apfel*, 13 F. Supp. 2d 312 (N.D.N.Y. 1998). Such opinions are not controlling, however, if contrary to other substantial evidence in the record, including the treating physician's own contradictory findings as well as opinions of other medical experts. *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004); *Veino*, 312 F.3d at 588. Where conflicts arise in the form of contradictory medical evidence, their resolution is properly entrusted to the Commissioner. *Veino*, 312 F.3d at 588.

The ALJ must properly analyze the reasons for giving less than controlling weight to a treating physician's opinion. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *Halloran*, 362 F.3d at 32. An ALJ may not arbitrarily substitute his own judgment for competent medical opinion. *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). However, the ultimate determination of whether a person meets the statutory definition of disability is left with the Commissioner and the ALJ is under no duty to afford controlling weight to any opinion as to such determination. 20 C.F.R. § 416.927(e)(1).

In deciding what weight, if any, an ALJ should accord to medical opinions, he may consider a variety of factors including "[t]he duration of a patient-physician relationship, the reasoning accompanying the opinion, the opinion's consistency with other evidence, and the physician's specialization or lack thereof[.]" *See Schisler v. Sullivan*, 3 F.3d 563, 568 (2d Cir. 1993) (discussing 20 C.F.R. §§ 404.1527, 416.927). Failure to apply the appropriate legal standards for considering a treating physician's opinion is a proper basis for reversal and remand, as is the failure to provide reasons for rejection of a treating physician's opinion. *Johnson*, 817 F.2d at 985-86; *Barnett*, 13 F. Supp. 2d at 316-17.

Plaintiff argues that the ALJ failed to give controlling weight to Dr. Fish's statements in 2001

that Plaintiff suffered from total disability.  (Dkt. No. 6 at 12-17; *see* T. at 197-98, 209, 258.)  These statements consisted of (1) a Disability Certificate dated March 28, 2001 (T. at 197) stating that Plaintiff was "totally disabled due to low back pain" and giving no further commentary; (2) a letter from Dr. Fish to the Department of Social Services stating that Plaintiff was totally permanently disabled as of April 1, 1999 (T. at 198); (3) another Disability Certificate dated April 26, 2001 stating, "[patient] to do no lifting [of greater than ten pounds,] no prolonged walk[ing,] standing, [and] no continuous si[tting of more than one hour]" (T. at 209); and (3) an application for a New York State handicapped license plate stating that Plaintiff suffered from "permanent disability" because she was "unable to walk 200 [feet] without stopping." (T. at 258.)  After considering this evidence in addition to the record as a whole, the ALJ assigned "little weight" to Dr. Fish's statements that Plaintiff was totally disabled:

> [Dr. Fish's opinion regarding disability] is not supported by the clinical evidence of record, including the doctor's comments that he does not know the cause of the claimant's symptoms.  Moreover, this opinion is not a detailed function by function assessment but is rather a conclusion on a legal rather than a medical question and so is of limited use (SSR 96-5p and SSR 96-8p).  Dr. Fish's opinions that the claimant is disabled is also inconsistent with his other opinions that such a declaration is premature and not warranted.

(T. at 22.)

The ALJ considered Dr. Fish's objective clinical findings as well as his conclusions regarding those findings when weighing Dr. Fish's disability opinion.  (T. at 16-18, 22.)  The ALJ noted that Dr. Fish treated Plaintiff from 1998 until 2000; there are no treatment notes from Dr. Fish from 2001 forward.  (T. at 16-18, 197-209, 364-70, 383-89, 422-24.)  The record reflects that Dr. Fish's own clinical findings contradict his later statements that Plaintiff suffered from total disability.

Dr. Fish's treatment notes state that Plaintiff's spinal MRI was basically normal, with "some minimal degenerative changes at L-4, 5." (T. at 423.) Later treatment notes from Dr. Fish indicate his belief that her symptoms had no discernible cause. (T. at 201, 423.) Plaintiff took only Ibuprofen twice a day for pain and consistently refused Dr. Fish's suggestions for more serious treatment, including a pain clinic and bone scan. (T. at 201-07.) Plaintiff ceased seeing Dr. Fish for treatment of her back problems and at the time of the hearing was seeing only Dr. Porter, a chiropractor, whom she stated treated her for back pain and anxiety. (T. at 17, 52-55.) The only record of Dr. Porter's relationship with Plaintiff is two letters sent by him to Plaintiff's lawyer; there are no treatment notes whatsoever from Dr. Porter in the record. (T. at 17, 245-46, 256.)

Other substantial evidence of record also contradicts Dr. Fish's conclusion that Plaintiff was totally disabled. Examinations by Drs. Wainberg and Collins indicated that Plaintiff's disc degeneration was very mild and not significant. (T. at 199, 383.) Other examinations documented some range of motion limitations of the lumbar spine, but full ranges of motion in the shoulders and no neurological deficits. (T. at 210-11, 215.) Plaintiff used a wheelchair outside of the home but there is no evidence in the record that it was prescribed for her. To the contrary, Dr. Fish's treatment notes indicate that Plaintiff borrowed the wheelchair from the American Legion, and although he acknowledged the fact that Plaintiff used a wheelchair in a parking application dated August 12, 2000, he never indicated by prescription or otherwise that the wheelchair was medically necessary. (T. at 201, 257.)

Moreover, as to Dr. Fish's isolated statements that Plaintiff suffered from a disability, "[T]he [ALJ] considers the data that physicians provide but draws [his] own conclusions as to whether those data indicate disability. A treating physician's statement that the claimant is disabled cannot itself be

determinative." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999).  In weighing Dr. Fish's opinion, the

ALJ properly considered the record as a whole, Dr. Fish's own contradictory findings, and the lack

of reasoning or explanation in Dr. Fish's statements regarding disability.  *See Schisler v. Sullivan*, 3

F.3d 563, 568 (2d Cir. 1993) (discussing 20 C.F.R. §§ 404.1527, 416.927).  There is substantial

evidence in the record to support the ALJ's decision to give little weight to Dr. Fish's opinion

regarding disability.

### B.     The ALJ's Assessment of the Severity of Plaintiff's Conditions is Supported by Substantial Evidence.

Plaintiff argues that the ALJ erred in determining that her left knee condition was not severe

under the regulations.  (Dkt. No. 6 at 17-19.)  Defendant argues that the ALJ correctly decided that

Plaintiff's left knee condition was a non-severe impairment.  (Dkt. No. 8 at 19.)

Plaintiff bears the burden of showing that her impairments are severe, meaning that they

significantly limit her ability to do basic work activities.  *Barnhart v. Thomas*, 540 U.S. 20, 24-25

(2003); *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996); *see* 20 C.F.R. § 416.920(a)(5)(c).  Where

substantial evidence supports an ALJ's conclusion that a claimant's impairment does not

significantly limit that claimant's physical or mental ability to do work activities, the ALJ's decision

regarding severity will be affirmed.  *See De La Torres v. Massanari*, 2001 U.S. Dist. LEXIS 11200,

*19 n.5 (S.D.N.Y. 2001).

Under the relevant Social Security Ruling,

> Great care should be exercised in applying the not severe impairment
> concept. If an adjudicator is unable to determine clearly the effect of an
> impairment or combination of impairments on the individual's ability to do
> basic work activities, the sequential evaluation process should not end
> with the not severe evaluation step.

S.S.R. 85-28, *Titles II and XVI: Medical Impairments that Are Not Severe*, 1985 WL 56856, *4 (S.S.A. 1985) (quoted in *Bowen v. Yuckert,* 482 U.S. 137, 154 n.12 (1987)); *see also Gonzalez v. Chater*, 1996 WL 204512, *2 -3 (E.D.N.Y.1996).  "An impairment or combination of impairments is found 'not severe' and a finding of 'not disabled' is made at [step two] when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered."  *Id.*

There is some evidence in the record that during the period from December 1998 through May 2000 Plaintiff reported occasional radiating pain in the left knee associated with Plaintiff's back pain.  (T. at 369, 376, 379, 385, 390, 419, 424.)  An X-ray obtained in February 2001 showed early medial compartment spurring of Plaintiff's left knee.  (T. at 211, 213.)  Treatment notes indicate that back pain was Plaintiff's main complaint and that the knee condition was repeatedly described as incidental to her back pain.  (T. at 211, 369, 376, 379, 385, 390, 419, 424.)  There is no evidence in the record which indicates that Plaintiff's knee condition had any effect on her ability to perform work-related activities beyond the limitations Plaintiff suffered as a result of her back pain.

In this case, there is substantial evidence in the record to support the ALJ's determination that Plaintiff's knee condition was not severe.  Treatment notes document knee pain only intermittently, and only in connection with radiating back pain.  (T. at 211, 369, 376, 379, 385, 390, 419, 424.)  The record does not indicate that Plaintiff's knee condition imposed any further limitations on her beyond those limitations the ALJ considered with regard to Plaintiff's back condition.  Moreover, despite the fact that he found the knee condition to be non-severe, the ALJ took Plaintiff's knee pain into consideration when laying out the reasoning of his decision.  (T. at 20.)  Thus, the ALJ's decision in

this regard was supported by substantial evidence and the Court declines to remand on this basis.

**C.      The ALJ's Assessment of Plaintiff's RFC is Supported by Substantial Evidence.**

RFC is what a claimant is capable of doing despite his impairments. 20 C.F.R. § 404.1545(a).

In rendering an RFC determination, the ALJ must consider objective medical facts, diagnoses and

medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain

and descriptions of other limitations.  20 C.F.R. § 416.945; *see Martone v. Apfel*, 70 F. Supp. 2d 145

(N.D.N.Y 1999) (citing *LaPorta v. Bowen*, 737 F. Supp. 180, 183 (N.D.N.Y 1990)).  An ALJ must

specify the functions that a plaintiff is capable of performing, and may not simply make conclusory

statements regarding a plaintiff's capacities.  *Verginio v. Apfel*, 1998 WL 743706, *3 (N.D.N.Y Oct.

23, 1998); *LaPorta*, 737 F. Supp. at 183.

In this case, the ALJ found that Plaintiff retains the RFC to lift/carry 20 pounds occasionally

and 10 pounds frequently, sit for 6 hours in an 8 hour workday, stand/walk for 6 hours in an 8 hour

workday, and occasionally engage in postural activities.  (T. at 23.)  The ALJ also concluded that

Plaintiff has no limitations on her abilities to understand, remember and carry out short, simple

instructions and interact appropriately with the public, supervisors and co-workers, has slight

limitations on her ability to make judgments on simple work-related decisions and respond

appropriately to changes in a routine work setting, and has moderate limitations on her abilities to

understand, remember and carry out detailed instructions and respond appropriately to work

pressures.  (T. at 23.)

Plaintiff contends that the ALJ erroneously assessed her RFC, arguing that the ALJ

incorrectly gave less than controlling weight to Dr. Fish's opinion of Plaintiff's functional capacities.

(Dkt. No. 6 at 19-23.)  This argument is unavailing, as the Court has already determined that the ALJ

-14-

properly afforded less than controlling weight to Dr. Fish's RFC assessment.

Plaintiff also argues that the ALJ improperly discounted additional medical evidence from physical therapist Wendy Alfred-Tousley, P.T., consultative examiner Dr. Saleem, and Plaintiff's chiropractor, Dr. Porter. (Dkt. No. 6 at 21-22.) Ms. Alfred-Tousley, a physical therapist, and Dr. Porter, a chiropractor, are not acceptable medical sources under the regulations. 20 C.F.R. § 416.913(a). Although their opinions receive consideration, they are not subject to the treating physician rule and are not entitled to any particular weight. *See id.*; *Zervas v. Barnhart*, 2007 WL 1229312, *4 (E.D.N.Y. 2007).

The ALJ's rationale for giving P.T. Alfred-Tousley's opinion "some" weight and Dr. Porter's opinion little weight was adequately set forth in his decision. The ALJ noted that P.T. Alfred-Tousley examined Plaintiff only once, and her examination concluded that Plaintiff failed a validity test, suggesting that submaximal effort was given. (T. at 21, 217-19.) Additionally, P.T. Alfred-Tousley's notes stated that "[i]t appears that [Plaintiff] is attempting to control the test results to demonstrate a greater level of disability than what is actually present." (T. at 217-19.) The ALJ noted that there are no treatment notes in the record from Dr. Porter, despite Plaintiff's claim that he was her primary source of treatment as of the hearing date; rather, the record contains two letters written by Dr. Porter to Plaintiff's attorneys. (T. at 32-33, 245-46, 256.) Additionally, Dr. Porter's RFC assessment addressed Plaintiff's mental health problems, an area outside his expertise in chiropractics, and did not contain a function by function assessment but rather a legal conclusion that Plaintiff was disabled – a conclusion which is reserved to the Commissioner. *See* S.S.R. 96-5p, *Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner*, 1996 WL 374183, *5 (S.S.A. 1996); S.S.R. 96-8p, 1996 WL 374184, at *1, *Policy*

*Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims* (S.S.A. 1996).

Plaintiff contends that the ALJ should have given more weight to Dr. Saleem's opinion. (Dkt. No. 6 at 21).  Dr. Saleem stated that his prognosis for employment was "guarded," a term which the ALJ noted Dr. Saleem did not define.  (T. at 22, 196.)  The ALJ gave consideration to Dr. Saleem's opinion, but opted to give more weight to the opinions of Drs. Shapiro and Collins, who found that Plaintiff's symptoms had a relatively mild effect on her capacities.  (T. at 22-23.)  As none of these doctors were treating physicians, the ALJ was within his discretion in assigning weight as he did.

Plaintiff also argues that the ALJ erroneously "based [his] conclusions on" the RFC evaluation of the state agency physician.  (Dkt. No. 6 at 22; T. at 223-30.)  Contrary to Plaintiff's contention, however, the ALJ's decision reflects that he gave "some weight" to the opinion of a state agency disability analyst, and considered this opinion in the context of the entire medical record.  In doing so, the ALJ properly weighed the state agency physician's opinion.  *See* 20 C.F.R. §§ 416.912(b)(6), 416.913(c), 416.927(f)(2); S.S.R. 96-6p, *Policy Interpretation Ruling Titles II and XVI: Consideration of Administrative Findings of Fact by State Agency Medical and Psychological Consultants and Other Program Physicians and Pyschologists at the Administrative Law Judge and Appeals Council Levels of Administrative Review; Medical Equivalence*, 1996 WL 374180, *4 (S.S.A. 1996).

The ALJ also properly considered evidence of Plaintiff's daily activities and her credibility when coming to his RFC determination.  *See* 20 C.F.R. § 416.945.  Evidence in the record indicated that Plaintiff performed daily activities such as getting her children ready for school, cooking and

cleaning, attending to her personal needs, and grocery shopping.  (T. at 195, 251.)  The ALJ also considered evidence from a family acquaintance, who qualifies as an "other source" under the regulations, and who stated that Plaintiff "drove all over" and had lied at the hearing.  (T. at 20-21, 187); *see* 20 C.F.R. §§ 416.912(b)(4), 416.913(d)(4).  For the foregoing reasons, the ALJ's RFC determination is supported by substantial evidence.

### D. The ALJ's Conclusion that Plaintiff Can Perform Her Past Relevant Work as Housekeeper or Machine Operator is Supported by Substantial Evidence.

"[I]n order to determine . . . whether a claimant is able to perform her past work, the ALJ must make a specific and substantial inquiry into the relevant physical and mental demands associated with the claimant's past work, and compare these demands to the claimant's [RFC]." *Kerulo v. Apfel*, 1999 WL 813350, at *8 (S.D.N.Y. Oct. 7, 1999) (citations omitted); *see also* S.S.R. 82-61, 1982 WL 31387, *Titles II and XVI: Past Relevant Work–The Particular Job or the Occupation as Generally Performed* (S.S.A. 1982); S.S.R. 82-62, 1982 WL 31386, *Titles II and XVI: A Disability Claimant's Capacity to Do Past Relevant Work, In General* (S.S.A. 1982).  The Regulations recognize vocational experts as a source upon which the ALJ may rely to obtain evidence needed to determine if a claimant can perform his past relevant work experience based on his RFC.  20 C.F.R. § 416.960(b)(2).

Once the demands of the claimant's past relevant work are ascertained, the ALJ must identify the claimant's ability to perform the specific work-related abilities on a function by function basis. S.S.R. 96-8p, 1996 WL 374184, at *1, *Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims* (S.S.A. 1996).  In doing so, the ALJ must consider objective medical facts, diagnoses and medical opinions based on such facts, and a plaintiff's

-17-

subjective symptoms, including pain and descriptions of other limitations.   20 C.F.R. §§ 404.1545, 416.945.  *See Martone v. Apfel*, 70 F. Supp. 2d 145 (N.D.N.Y. 1999) (citing *LaPorta v. Bowen*, 737 F. Supp. 180, 183 (N.D.N.Y 1990)).  An ALJ must specify the functions plaintiff is capable of performing, and may not simply make conclusory statements regarding a plaintiff's capacities. *Verginio v. Apfel*, No. 97-CV-456, 1998 WL 743706, at *3 (N.D.N.Y Oct. 23, 1998); *La Porta*, 737 F. Supp. at 183.

In this case, the ALJ posed a hypothetical question to a vocational expert in accordance with 20 C.F.R. § 416.960(b)(2).  The ALJ's hypothetical incorporated Plaintiff's demographic information as well as the ALJ's findings regarding Plaintiff's RFC, including a finding that Plaintiff could perform light work.  (T. at 35-39.)  The vocational expert concluded that Plaintiff could perform her past relevant work as a housekeeper as it is generally performed, and as a machine operator as she performed it.  (T. at 42.)

Plaintiff contends that the hypothetical posed by the ALJ was not based on substantial evidence and did not adequately reflect the record as a whole.  (Dkt. No. 6 at 23-25.)  To the extent that Plaintiff argues the ALJ's RFC determination was erroneous, the Court has already concluded that the ALJ's RFC determination was based on substantial evidence.  Defendant correctly argues that the hypothetical posed was proper, as it reflected the ALJ's findings which have already been found to be based on substantial evidence.  (Dkt. No. 8 at 23-24); *see Dumas v. Schweiker*, 712 F.2d 1545, 1554 (2d Cir. 1983).  Because the hypothetical was proper, the ALJ was entitled to rely on the vocational expert's conclusion regarding Plaintiff's ability to perform her past relevant work.  *See* 20 C.F.R. § 416.960(b)(2).

**WHEREFORE**, it is hereby

-18-

**RECOMMENDED**, that the Commissioner's decision denying disability benefits be **AFFIRMED;** and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  November 26, 2007
    Syracuse, New York

George H. Lowe
United States Magistrate Judge

-19-