UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

JOAN HICKOX,
       Plaintiff,

 -against-            7:04-CV-1216
                  (LEK/GHL)

MICHAEL J. ASTRUE[1]
Commissioner of Social Security,

       Defendant.

### **DECISION AND ORDER**

   This matter comes before the Court following a Report-Recommendation filed on November 26, 2007 by the Honorable George H. Lowe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York. Report-Rec. (Dkt. No. 10). After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff, which were filed on December 7, 2007. Objections (Dkt. No. 11).

   It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." <u>Id.</u> This Court has considered the objections and has undertaken a de novo review of the record and has determined that the Report-Recommendation should not be approved for the reasons stated herein.

   The Report-Recommendation determined that the opinion of Plaintiff's treating physician,

---

[1] The complaint named Jo Anne B. Barnhart as Defendant, then the Commissioner of Social Security. On February 12, 2007, Michael J. Astrue assumed that position. Therefore, he shall be substituted as the named Defendant pursuant to Fed. R. Civ. P. 25(d)(1).

1

that Plaintiff was disabled, was contradicted by other substantial evidence and therefore not entitled to controlling weight under the treating physician rule.  Report-Rec. (Dkt. No. 10) at 11–12.  Plaintiff objects to this determination, arguing that the ALJ had a duty to develop a complete record and should not have rejected her treating physician's opinion "without attempting to fill perceived gaps in the record."  Objections (Dkt. No. 11) at 8–9 (citing Minsky v. Apfel, 65 F. Supp. 2d 124, 138 (E.D.N.Y. 1999)).

Where a report from a medical source "contains a conflict or ambiguity that must be resolved, . . . does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques," the ALJ must obtain additional evidence or clarification from that medical source.  20 C.F.R. § 404.1512(e)(1); see also Devora v. Barnhart, 205 F. Supp. 2d 164, 172 (S.D.N.Y. 2002) ("An ALJ has an affirmative duty to develop the administrative record in a disability benefits case.").  Here, the treating physician's opinions regarding Plaintiff's disability are not accompanied by any treatment notes or explanation, and contradict his earlier clinical findings.  Report-Rec. (Dkt. No. 10) at 10–11.  However, the ALJ made no attempt to obtain an explanation for the inconsistencies or clarify the treating physician's reasons for finding that Plaintiff was disabled.  Accordingly, the matter must be remanded for further development of the medical evidence.  See Devora, 205 F. Supp. 2d at 173 ("Where the ALJ has failed to develop the administrative record, remand for a new hearing is appropriate.").

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 10) is **NOT ADOPTED**; and it is further

**ORDERED**, that the case be **REMANDED** to the Commissioner for further proceedings consistent with this Decision and Order; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:	February 14, 2008
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge